UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK PERKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05CV403 ERW |
| | ) | (TIA) |
| CHARLES DWYER, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND MEMORANDUM

This cause is before the Court on Missouri state prisoner Frederick Perkins' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed March 11, 2005/Docket No. 1). Presently pending before the Court are Petitioner's Amended Motion -- And Response to Respondent's Order to Show Cause (Docket No. 12). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On August 8, 2001, Petitioner was convicted by a jury in the Circuit Court of St. Louis County, Missouri, of one count of assault in the first degree. (Resp. Exh. A at 427-29; Resp. Exh. B at 53). On September 14, 2001, the circuit court sentenced Petitioner as a prior and persistent offender to thirty years. (Resp. Exh. B at 59-61). Petitioner appealed the judgment, and on October 29, 2002, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exh. E). On January 16, 2003, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. F at 3-13). On April 14, 2003, Petitioner's appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct Judgment. (Resp. Exh. F at 24-31). The post-conviction relief court dismissed

Petitioner's post-conviction motion after an evidentiary hearing on August 18, 2003. (Resp. Exh. F at 39-43). On June 1, 2004, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. J; Perkins v. State, 136 S.W.3d 527 (Mo. Ct. App. 2004)). Petitioner pursued no other action for review of his convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on February 1, 2005, and received by this Court on March 11, 2005, was filed March 11, 2005.

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County. In the instant petition for writ of habeas corpus, Petitioner raises five grounds for relief:

(1) That the trial court erred in refusing to allow Petitioner to adduce evidence of a dismissed charge;

(2) That Petitioner was denied effective assistance of counsel in that trial counsel failed to object to the admission of photographs taken of the victim after her surgery;

(3) That Petitioner was denied effective assistance of counsel in that trial counsel failed to call Ocola Marshall as a witness;

(4) That Petitioner was denied effective assistance of counsel in that trial counsel failed to conduct a sufficient direct examination of Petitioner regarding every statement made to the investigating officers after his arrest; and

(5) That Petitioner was denied effective assistance of counsel in that trial counsel failed to object to the sleeping juror and the inattentive juror.

In response, Respondent contends that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present these claims.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1)

inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. Respondent first asserts that because Petitioner did not file a motion for rehearing or transfer in the Missouri Court of Appeals or a motion in the Missouri Supreme Court to transfer the case to that court, he is not entitled to the ninety-day period for seeking a writ of certiorari in the United States Supreme Court. Respondent argues that Petitioner's failure to seek transfer to the Missouri Supreme Court asking for discretionary review, Petitioner has waived his right to seek certiorari from the United States Supreme Court, and thus his conviction became final when the time for seeking further direct review in the state court expired. The Eighth Circuit Court of Appeals recently held otherwise specifically finding that Petitioner is entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though he did not seek transfer to the Missouri Supreme Court. Pierson v. Dormire, 484 F.3d 486, 494-95 (8th Cir. 2007).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

> (I) the conclusion of all direct criminal appeals in the State system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a petition

for writ of certiorari upon the conclusion of his direct appeal in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Pierson, 484 F.3d at 494-95; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. A petitioner who fails to seek discretionary review by the state court of last resort, such as Petitioner in the instant case, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Pierson, 484 F.3d at 494-95; Nichols, 172 F.3d at 1072. Accordingly, the Eighth Circuit found that "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." Pierson, 484 F.3d at 495; Nichols, at 1072. In the instant cause, Petitioner's conviction was affirmed on direct appeal on October 29, 2002. Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus his state court judgment became final on January 27, 2003, ninety days after his conviction was affirmed on direct appeal. Id. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced January 27, 2003.

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial in addition to the time during the appeal process, including such

time during which Petitioner could seek further appellate review. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

Petitioner filed a motion for post-conviction relief on January 16, 2003, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on June 1, 2004, when the Missouri Court of Appeals affirmed the denial of post-conviction relief, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The limitations period in this cause was tolled from January 16, 2003, through June 1, 2004. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (application for state post-conviction review is pending until the mandate is issued). Petitioner signed the instant petition on February 1, 2005,[1] eight months after the conclusion of appellate review of his post-conviction motion. On the record before the Court, therefore, it appears that the instant petition was timely filed under 28 U.S.C. § 2244(d). Although Respondent addressed the merits in the Response to Order to Show Cause, the undersigned will direct the Respondent to submit any additional Response addressing the merits of Petitioner's claims along with any additional necessary exhibits, if deemed necessary.

Petitioner seeks leave to amend the Petition by adding one new ground for relief. A review of Petitioner's original petition shows Petitioner to have raised five grounds for relief, claims challenging the effectiveness of trial counsel and a claim alleging trial court error. On July 5, 2005,

---

[1]The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). Absent evidence to the contrary, the date upon which Petitioner signed the petition is sufficient indicia of the date upon which Petitioner delivered the petition to prison authorities. Accordingly, the undersigned considers the instant petition to have been filed February 1, 2005, the date on which such petition was verified by Petitioner.

Petitioner filed the instant Motion in which he seeks leave to amend his pending habeas petition by adding a claim of ineffective assistance of appellate counsel. Respondent has not responded to the instant motion.

To be considered timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is required to file any petition for writ of habeas corpus within one year after the conclusion of direct review in state court, with such time being tolled during the pendency of a post-conviction motion or other application for collateral relief in state court. 28 U.S.C. § 2244(d)(1)(A), (2). Petitioner's original petition was filed prior to the expiration of this one-year period with tolling, and thus was timely filed under the AEDPA.

Any amendments to a timely filed habeas petition are required to be filed within the AEDPA's one-year limitations period as well. See United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999); cf. McKay v. Purkett, 255 F.3d 660 (8th Cir. 2001) (applying Craycraft analysis to proposed amendments to habeas petition filed under § 2254). Proposed amendments submitted beyond this one-year period may be considered and determined by the Court only if the amendments "relate back" to the claims raised in the timely filed original petition. Craycraft, 167 F.3d at 456-57; McKay, 255 F.3d at 661. To relate back, the claims raised in the proposed amendment must have arisen out of the same conduct, transaction or occurrence from which the original claims arose. Craycraft, 167 F.3d at 457 (citing Fed. R. Civ. P. 15(c)(2)); McKay, 255 F.3d at 661.

Because Petitioner's proposed amendment was submitted to the Court beyond the one-year period within which he could bring habeas claims, the amendment may be considered and determined by the Court only if it "relates back" to the claims raised in the timely filed original petition. A review of Petitioner's proposed amendment shows that his proposed amendment alleges a deficiency

distinctly separate from the deficiencies alleged in his original claims. In the original petition, Petitioner asserts claims of ineffective assistance of trial counsel and trial court error. The original petition provides no notice of a claim of ineffective assistance of appellate counsel. Accordingly, Petitioner's Amended Motion -- And Response to Respondent's Order to Show Cause (Docket No. 12) should be denied to the extent Petitioner seeks to raise a new claim of ineffective assistance of appellate counsel. See Mayle v. Felix, 545 U.S. 644, 648 (2005) (holding that an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent shall file an additional Response to the Order to Show Cause addressing the merits of the claims asserted in Petitioner Frederick Perkins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed March 11, 2005/Docket No. 1) no later than July 1, 2007.

**IT IS FURTHER ORDERED** that in the event Petitioner chooses to file a Traverse that he do so no later than August 20, 2007; failure to file a Traverse within this period may waive the right to file a Traverse.

**IT IS FURTHER ORDERED** that Petitioner's Amended Motion -- And Response to Respondent's Order to Show Cause (Docket No. 12) incorrectly docketed as a Reply, but not a motion, is DENIED.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Final Disposition (Docket No. 16/filed June 13, 2007) is DENIED as Moot.

Dated this  14th   day of June, 2007.

     /s/ Terry I. Adelman
  UNITED STATES MAGISTRATE JUDGE